## THE UNION RAILWAY AND TRANSIT COMPANY
### v.
## THOMAS KALLAHER, JR., Administrator, etc.

1. INSTRUCTIONS IN CASES OF COMPARATIVE NEGLIGENCE.—Where a jury is instructed upon the doctrine of comparative and contributory negligence, both of the elements of the proposition, namely, the slight degree of negligence of the plaintiff and the gross negligence or willful acts of the defendant, must be embraced in the instruction.

2. NEGLIGENCE, CARE REQUIRED OF PLAINTIFF.—To authorize a recovery on the ground of mere negligence as distinguished from willful tort, it must appear that the party injured exercised ordinary care; in the absence of ordinary care on his part there is no right of action, and can be no recovery. It can not be legally true, when the injured party fails to exercise ordinary care, and the defendant is guilty of negligence only, that the negligence of one is slight and that of the other gross in comparison with each other.

3. INSTRUCTIONS.—Where an arrangement between a transit company and a bridge company allowed collectors of the latter to mount trains of the former while passing over the bridge, for the purpose of collecting the bridge fare, but the running of the trains was under the control of the former, and the superintendents in charge of these operations were its agents. *Held*, that an instruction to the effect that if the jury believe from the evidence that the bridge conductor was not employed by the transit company, and had no authority from said company to act for it, and was not authorized by it to exercise any control over the passengers on the train moved by the said company, but by the bridge company to collect the bridge fare on the trains passing the bridge, then the transit company can not be held liable for any act done by said bridge conductor in exercising control over deceased, etc., was properly refused as it did not meet or negative the state of facts disclosed by the record, as the two corporations were clearly acting together in such transportation.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 13, 1883.

Messrs. G. & G. A. KOERNER, for appellant.

Mr. CHARLES W. THOMAS, for appellee; that if the evidence varied from the allegations of the declaration, advantage should have been taken of that in the court below, cited St. Clair Co. Ben. Society v. Fietsam, 97 Ill. 474.

BAKER, P. J. Appellee, as administrator, recovered in the circuit court a judgment for $5,000 against the Union Railway and Transit Company, appellant, for, as is claimed, wrongfully and negligently causing the death of his intestate.

On the night of the 22d of September, 1878, the deceased and one Harrigan left Highland for East St. Louis on the Vandalia train, and paid their fares to that place. The train stopped at the Relay depot in East St. Louis, but the men,

by some mistake, did not get out, but remained in the Vandalia cars. At the Relay depot the Vandalia locomotive was detached from the train; and the Union Railway and Transit Company attached its locomotive thereto for the purpose of taking it across the bridge and through the tunnel to the Union depot in the city of St. Louis. The fare collector of the Illinois and St. Louis Bridge Company boarded the train at this Relay depot, and, upon its starting therefrom, proceeded to collect bridge fares, commencing with the passenger car nearest to the engine. There were only some ten or twelve persons in this car, among them Harrigan and the deceased. The collector called on them for their fares or tickets, and there is a serious conflict in the testimony as to what passed between him and them. At all events, the train was stopped, and it was then upon the bridge approach. Witnesses do not agree with reference to the circumstances under which the two men left the car; the claim of appellee is that they were ejected therefrom, while appellant insists the train was stopped at the special request of deceased and his companion, they saying they did not wish to cross the river, and that they voluntarily and without compulsion of any sort stepped from the car.

The deck of the wooden trestle of the east approach to the bridge was twenty-three feet wide, and had one railroad track on the north side and one on the south side, both tracks being laid on ties and the spaces between ties being five inches wide; and between the two tracks there was a plank walk five feet wide, with guard rails on each side of it, about nine inches in width. All inbound trains went to St. Louis on the north track, and all outbound trains went therefrom on the south track. The trestle-work at the place where intestate was killed was over twenty feet from the surface of the ground; there was no station or regular stopping place for trains on the bridge approach; and no light thereon other than the lantern carried by the watchman stationed there. When the train moved on to St. Louis, this watchman, who was a short distance east of where the train had stopped, seeing the two men, went toward them with his lantern. The men were

then, it would seem, on the plank walk between the two railroad tracks, and were going toward East St. Louis; but deceased appears to have left this walk before the watchman could reach him, and to have crossed over the railroad ties and rails to the south and to have stepped off of the trestle-work on the south side, where he fell twenty feet or more to the ground and was instantly killed. Some of the witnesses state it was a dark night, and others that it was a bright star-light night. There is evidence tending to show deceased was acquainted with that locality.

It is urged the trial court erred in refusing to give the second instruction asked by appellant. That instruction was as follows:

"If the jury believe from the evidence that the witness Scott was not employed by the Union Railway and Transit Company, and had no authority from said company to act for it, and was not authorized by it to exercise any control over the passengers on the train moved by said company, but by the bridge company, to collect the bridge fare on the trains passing the bridge, then and in that case, the defendant, the Union Railway and Transit Company, can not be held liable for any act done by said Scott in exercising control over the deceased, even if the jury do believe from the evidence that he did unlawfully or negligently put the deceased off the train, and in case they believe the foregoing facts to be true, they will find the defendant not guilty."

The evidence shows the cars belonged to the Vandalia Company; the bridge with its approaches and railroad tracks to the bridge company; and that the motive power was furnished by the Union Railway and Transit Company. The arrangement between the transit company and the bridge company allowed collectors of the latter to mount the trains for the purpose of collecting fares; but the running of the trains was under the control of the former, and the superintendents in charge of these operations, were its agents. The evidence does not disclose in what manner or in what proportions, or upon what basis, the moneys realized from the transportation of cars and passengers from the Relay depot to the

Union depot, by the locomotives of the one corporation over the bridge and tracks of the other, was apportioned between them; nor do we deem it important it should. It is at all events clear the two corporations were acting together in such transportation, and that the collector appointed by the bridge company was on the train operated by the transit company, and exercising authority and performing duties thereon, with the knowledge and by the license and permission of the transit company. The instruction, then, was properly refused, as it did not meet or negative the state of facts disclosed by the record.

It is also assigned as error that the court misdirected the jury on behalf of the plaintiff below. The following instruction was given at the instance of appellee:

"The court instructs the jury that if they believe from the evidence that Kallaher was killed on account of negligence of the defendant, in the manner set out in either count of the declaration, then, although Kallaher may have been guilty of negligence, yet if his negligence was slight when compared with that of defendant, the plaintiff is entitled to recover."

When a jury is instructed upon the doctrine of comparative and contributory negligence, both of the elements of the proposition, namely, the slight degree of negligence of the plaintiff, and the gross negligence or willful acts of the defendant must be embraced in the instruction. I. C. R. R. Co. v. Hammer, 72 Ill. 347; C. B. & Q. R. R. Co. v. Harwood, 90 Id. 425; E. St. L. P. & P. Co. v. Hightower, 92 Id.139.

Appellee's intestate might have been guilty of a slight degree of negligence as compared with that of appellant, and yet appellant not be liable for the injury. A party receiving injury must show either that he himself was free from and the defendant was guilty of negligence, or if the plaintiff was guilty of negligence, that it was slight and that of the defendant gross, when the two are compared together, or that the injury was willfully inflicted.

Again, the instruction does not proceed upon the theory of a willful tort on the part of appellant, but upon the supposition that appellant was guilty of negligence only. To authorize a recovery on the ground of mere negligence as distin-

guished from willful tort, it must appear that the party injured exercised ordinary care; in the absence of ordinary care on the part of plaintiff's intestate, in such case, there is no right of action and can be no recovery. It can not legally be true that where the injured party fails to exercise ordinary care, and the defendant is guilty of negligence only, the negligence of one is slight and that of the other gross, in comparison with each other. C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512. The instruction, while not requiring the jury to find the act of appellant was willful, at the same time ignored this requirement that in cases of negligence merely, the person injured must have exercised ordinary care.

The instruction concedes there was slight negligence on the part of deceased; in that state of the case there could be a recovery only upon one of two theories; either there must have been no want of ordinary care on the part of deceased and, concurring with that, gross negligence on the part of defendant, or else the conduct of defendant must have been wanton or willful. Slight negligence is not inconsistent with the exercise of ordinary care, and implies only the absence of the highest degree of care. Even if the negligence of the intestate was but slight, and the negligence of appellant when compared therewith was greater, yet it by no means follows that such negligence of appellant was either gross, wanton or willful, it may have been only ordinary negligence; and in that case there would be no right of action, as the law, in suits for personal injuries, affords no relief where there is a mere preponderance of negligence on the part of the defendant.

The instruction was clearly erroneous. In this case, where the testimony was conflicting upon the point as to whether deceased was ejected from the train, or left the same of his own volition and choice; and where, whatever may be the truth as regards that matter, there are circumstances in proof tending to show negligence on the part of appellant and also on the part of deceased, the jury should have been accurately instructed with reference to the doctrine of comparative or contributory negligence as held in this State.

The judgment is reversed and the cause remanded.

Reversed and remanded.